IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-04642-PAB

RAUL ROBERTO CASTRO-TENA,

Petitioner,

v.

JUAN BALTAZAR,
GEORGE VALDEZ,
MARKWAYNE MULLIN,
DAVID VENTURELLA, and
TODD BLANCHE,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Raul Roberto Castro-Tena's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] and Motion for Temporary Restraining Order [Docket No. 3]. Respondents filed a response. Docket No. 9.

## I. BACKGROUND[1]

Petitioner arrived in the United States without inspection in December 2011.[2] Docket No. 1-1 at 2. On July 28, 2026, petitioner was detained by Immigration and Customs Enforcement, and he has remained in detention since then. *Id.*

---

[1] The following facts are undisputed unless otherwise noted.

[2] Petitioner had previously entered the country in 2011, and was arrested by immigration officers in July 2011. He opted for voluntary departure in August 2011.

In September 2026, petitioner filed a writ for petition of habeas corpus, alleging that he could only be detained under 8 U.S.C. § 1226(a). *Id.* at 6-9. He raises six claims for relief, including that his detention: (1) violates the Immigration and Nationality Act ("INA"), § 236(a), 8 U.S.C. § 1226(a), because he has not received a bond hearing; (2) violates INA regulations, 8 C.F.R. §§ 236.1, 1236.1, 1003.19, as he was detained under the improper statute and denied bond; (3) violates the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2); (4) violates his Fifth Amendment procedural due process rights; (5) violates his substantive due process rights; and (6) has "become prolonged and unlawful." *See id.* at 10-15. Among other forms of relief, petitioner requests to be released from detention immediately or, in the alternative, to receive a bond hearing. *See id.* at 17.

Respondents state that, "[f]or purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 9 at 1.

## II. ANALYSIS

In *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237, 1249 (10th Cir. 2026), the Tenth Circuit held that 8 U.S.C. § 1226(a) governs the detention of noncitizens undergoing removal proceedings who are detained in the interior of the United States. The court further held that such persons are entitled to a bond hearing. *See id.* at 1237; 8 U.S.C. § 1226(a). Because the petitioner alleges that he has been living in Fort Lupton, Colorado, Docket No. 1-1 at 2, the Court finds that he was detained in the interior of the country. Based on this, the Court finds that *Santillan Quiroz* applies and petitioner is entitled to a bond hearing. *See Santillan Quiroz*, 180 F.4th at 1237.

Accordingly, the Court will grant the petition and order respondents to provide petitioner a bond hearing within seven days of this order.

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Raul Roberto Castro-Tena's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED in part**. It is further

**ORDERED** that petitioner Raul Roberto Castro-Tena's Motion for Temporary Restraining Order [Docket No. 3] is **DENIED as moot**. It is further

**ORDERED** that, within **seven days** of the date of this Court's order, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the government shall bear the burden of proving that petitioner's continued detention is justified,[3] or release him. It is further

[3] The burden of proof at the bond hearing will be on the government. *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) ("the weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing") (internal quotation, alteration, and citation omitted) (collecting cases); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context").

**ORDERED** that within **five days** of petitioner's bond hearing, or release, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied and/or whether petitioner was released.

DATED October 14, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge