IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-04642-PAB

RAUL ROBERTO CASTRO-TENA,

Petitioner,

v.

JUAN BALTAZAR,
GEORGE VALDEZ,
MARKWAYNE MULLIN,
DAVID VENTURELLA, and
TODD BLANCHE,

Respondents.

---

# ORDER

---

This matter comes before the Court on petitioner's Raul Roberto Castro-Tena's Motion to Enforce this Court's Order and for Relief [Docket No. 15]. Respondents filed a response. Docket No. 20.

## I. BACKGROUND[1]

Petitioner arrived in the United States without inspection in December 2011.[2] Docket No. 1-1 at 2. On July 28, 2026, petitioner was detained by Immigration and Customs Enforcement, and he has remained in detention since then. *Id.* On September 21, 2026, petitioner filed a petition for a writ of habeas corpus, arguing that

[1] The following facts are undisputed unless otherwise noted.
[2] Petitioner had previously entered the country in 2011, and was arrested by immigration officers in July 2011. He opted for voluntary departure in August 2011.

he was entitled to a bond hearing because he was detained pursuant to 8 U.S.C. § 1226(a). Docket No. 1. On October 14, 2026, the Court granted the petition in part, ordering respondents to provide petitioner with a bond hearing, where the government bears the burden of proof of proving that petitioner's continued detention is justified. Docket No. 12.

On October 23, 2026, petitioner filed a motion to enforce, arguing that the immigration judge denied bond after improperly applying the burden of proof. Docket No. 15. Petitioner argues that is entitled to release. *Id.* at 6-7. On November 6, 2026, respondents filed a response indicating that they "are not submitting a brief in opposition to the Motion detailing the facts and circumstances at issue." Docket No. 20 at 1. Respondents state that, if the Court grants the motion to enforce, "the Court should issue an order that releases Petitioner." *Id.* at 2.

## II. ANALYSIS

Under 8 U.S.C. § 1226(e), noncitizens are precluded "from challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." *Singh v. Baltasar*, No. 26-cv-01126-NYW-TPO, 2026 WL 2224796, at *2 (D. Colo. July 14, 2026) (citation omitted). However, when a court orders the government to provide a noncitizen with a bond hearing, the court may review whether the bond hearing "satisfied due process or otherwise suffered some defect that rendered it noncompliant with the Court's prior order." *Id.* (internal quotations and citations omitted). Here, petitioner argues that the bond hearing did not comply with the Court's order because the immigration judge did not, in practice, place the burden of proof on the government. Docket No. 15 at 3-5.

Respondents make no argument that the immigration judge placed the burden of proof on the government. *See generally* Docket No. 20. Therefore, in light of the fact that respondents do not contest that the immigration judge improperly applied the burden of proof, the Court will adopt the facts as alleged by petitioner. *See Lucia Fam. Tr. v. Am. Fam. Mut. Ins. Co., S.I.*, No. 23-cv-02156-NYW-TPO, 2025 WL 2732882, at *4 n.3 (D. Colo. Sept. 25, 2025) ("the Court cannot and will not make arguments or 'comb the record' on a party's behalf.") (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998)). Accordingly, the Court will grant the motion to enforce. Both parties agree that, if the Court grants the motion to enforce, the appropriate relief is to order petitioner's release. Docket No. 15 at 6-8; Docket No. 20 at 2. Thus, the Court will order respondents to release petitioner from custody.

## III. CONCLUSION

Therefore, it is

**ORDERED** that Petitioner's Motion to Enforce this Court's Order and for Relief [Docket No. 15] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that the parties shall file a status report confirming that petitioner has been released from custody within **four days** of the issuance of this order.

DATED November 10, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge